**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

NATALIE GONZALEZ,

    Plaintiff,

        v.

SHANTONU BASU,

    Defendant.

CASE NO. 1:26-CV-193-HAB-ALT

## OPINION AND ORDER

Pro se Plaintiff Natalie Gonzalez ("Gonzalez") filed a complaint against Defendant Shantonu Basu ("Basu"), alleging Basu engaged in ex parte communications and demanding $100,000 in damages. (ECF No. 1). Along with her Complaint, Gonzalez filed a motion to proceed in forma pauperis. (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).  In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[1] This

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In her IFP application, Gonzalez attests she earns $930 per month, but the form does not indicate where the income is from, as she has declined to indicate whether she is employed. Gonzalez further claims she has limited assets—only $50 in cash—and regular monthly expenses of $800. She denies having any dependents or debts, and she declined to list her marriage status. Given these representations, Gonzalez has demonstrated she cannot pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d

773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Gonzalez's Complaint need not provide overly detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Twombly*, 550 U.S. at 555. Her complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Gonzalez's Complaint is threadbare, stating only that the Defendant engaged in ex parte communications and that Gonzalez demands $100,000 in compensation. (ECF No. 1). Even construing the Complaint liberally, as the Court must given her pro se status, Gonzalez's allegations blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Gonzalez does not provide who, exactly, the Defendant is[2] or what basis she has for filing in this court, and she fails to provide any context whatsoever for her allegation. These failures alone warrant dismissal.

Beyond the scant filings, however, this same Complaint against Defendant Shantonu Basu has been filed in other courts around the country (on the same day—April 20, 2026), including the U.S District Court for the District of New Mexico, the U.S. District Court for the Eastern District of Texas, and the U.S. District Court for the Western District of Wisconsin.[3] Each complaint is

---

[2] Given the type of allegation and the Defendant's unique name, it is quite possible that the Defendant is the Honorable Shantonu Basu of the New York State Unified Court System. If this is the case, Gonzalez cannot pursue a claim against Basu or any judge who presided over a state court proceeding because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).

[3] *See Gonzalez v. Basu*, No. 1:26-cv-1226 (D.N.M. April 20, 2026); *Gonzalez v. Basu*, No. 1:26-cv-142 (E.D. Tex. April 20, 2026); *Gonzalez v. Basu*, No. 3:26-cv-363 (W.D. Wis. April 20, 2026).

dated April 8, 2026, and contains the exact same flimsy allegation and demand. Additionally, Gonzalez lists her mailing address as Charleston, South Carolina, but the envelope she mailed her Complaint and IFP application in her and in the other cases is postmarked in New York. (ECF Nos. 1-1; 2-1). This kind of mass-filing of a threadbare claim is certainly "malicious" in the context of Section 1915(e)(2)(B)(i) given that it appears "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Simons v. Basu et al.*, No. 1:26-cv-1142, 2026 WL 1005067, at *2 (C.D. Ill. April 14, 2026) ("Certainly, where a plaintiff files the same complaint with the same two meager allegations—really just the barest possible sentences—in a handful of courts on the same day, that plaintiff intends to harass either the defendant, the given court, or both.").

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because Gonzalez has no non-frivolous claim and this action is malicious, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

## CONCLUSION

Gonzalez's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 21st day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4